Landon, J.
I concur with the presiding-justice in his conclusions respecting the first or $1200 mortgage, and respecting the rents and profits of the premises. I think, however, the first and fourth mortgages were merged in the legal title. Woodhull held these mortgages when he obtained the deed. They were regarded as part of the purchase money. If otherwise, then, as to these two mortgages, he would be mortgagee in possession and should, to the extent of the rents and profits necessary to satisfy them, account.
This would result in the practicable extinguishment of these two mortgages, certainly of the elder of the two. But the trial judge was right in holding them merged in the title. As to the $1200 mortgage, Woodhull was not obliged to apply the rents and profits, and he assumed no personal obligation to pay that *80 mortgage or the plaintiff’s mortgage. His administrators were therefore not liable to pay it, but having paid it mistakenly, ought to be subrogated to the rights of the holder.
Upon final consultation, no two mémbers of the court being in all respects in accord, the following result was reached and is the judgment to be pronounced.
Judgment notified by directing the payment, first to the defendants, the administrators upon the first mortgage of $1200, and interest from September 3, 1880; second, the costs of the guardian ad litem; third, the plaintiff’s claim; fourth, the surplus to the defendant’s heirs of Woodhull. No other costs of this appeal as in the court below. As notified affirmed.